UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-62356-LEIBOWITZ/AUGUSTIN-BIRCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BOSCH MARINE YACHT SERVICES, LLC
d/b/a BOSCH MARINE SERVICES

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S SECOND AMENDED MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**

This cause comes before the Court on Plaintiff United States of America's Second Amended Motion for Entry of Final Default Judgment. DE 18. Defendant Bosch Marine Yacht Services, LLC d/b/a Bosch Marine Services has not responded to the Motion, and Defendant's time to do so has passed. The Honorable David S. Leibowitz, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for a report and recommendation. DE 19. The Court has carefully considered the Motion and the record and is otherwise fully advised in the premises. For the following reasons, the Court **RECOMMENDS** that the Motion [DE 18] be **GRANTED**.

### I.    Liability on Default

A court may enter a default judgment against a party who has failed to plead or otherwise defend an action. Fed. R. Civ. P. 55(a). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG*

*Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quotation marks omitted). The defaulting defendant does not admit facts that are not well-pleaded or admit conclusions of law. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). A court considering entering a default judgment must ensure that the pleading states a claim upon which relief can be granted. *Id.* (explaining that entry of default judgment is warranted only if the pleading contains well-pled allegations of fact that would be sufficient to survive a motion to dismiss for failure to state a claim).

This is an action to collect a debt that Defendant owes to Plaintiff for Defendant's past violations of the Fair Labor Standards Act. Within the Complaint itself, Plaintiff did not allege that Defendant agreed to pay any debt. *See generally* DE 1. However, an attachment to the Complaint reflects that Defendant failed to satisfy an installment agreement Defendant executed with the U.S. Department of Labor, and a debt therefore became delinquent. *See* DE 1-2. This attachment is considered part of the Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Thus, the Complaint sufficiently pleads that Defendant owes Plaintiff a debt.

Defendant was served with process on January 14, 2025. DE 6-1. Defendant has never appeared in this case. Defendant did not respond to the Complaint, and its time to do so has passed. The Clerk's Office entered Clerk's default. DE 10. Defendant is in default and, by its default, has admitted that it owes Plaintiff a debt. Defendant is liable to Plaintiff, and Plaintiff is entitled to a default judgment.

## II.     Damages on Default

Turning to the amount of the default judgment, "allegations relating to the amount of damages are not admitted by virtue of default," and "the Court determines the amount and character of damages to be awarded." *Atl. Corp. of Wilmington, Inc. v. TBG Tech Co.*, No. 21-24317-CIV, 2022 WL 18495887, at *5 (S.D. Fla. Feb. 18, 2022) (quotation marks omitted). A court may conduct an evidentiary hearing before entering default judgment if a hearing is needed to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). But an evidentiary hearing is not a *per se* requirement for entry of default judgment. *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). No hearing is needed "where all essential evidence is already of record." *Id.*

According to the evidence in the record, Defendant agreed to pay a debt in the principal amount of $15,760.15, with final payment due by October 9, 2020. DE 1-2; DE 18-1. Defendant further agreed that a delinquent balance would be subject to interest, penalty interest, and other delinquent charges and administrative costs. DE 18-1 at 2. By the time the U.S. Department of Labor issued a certificate of indebtedness on July 5, 2024, interest at the rate of $0.43 per day totaled $588.09, penalty interest at the rate of $2.59 per day totaled $3,220.47, and administrative costs totaled $7,074.49. DE 1-2. Thus, as of the date of the certificate of indebtedness, Defendant owed Plaintiff $26,643.20. *Id.* Since that date through the date of this Report and Recommendation (384 additional days), additional interest at the rate of $0.43 per day totals $165.12, and additional penalty interest at the rate of $2.59 per day totals $994.56. Consequently, as of the date of this Report and Recommendation, Defendant owes Plaintiff $27.802.88.

### III.     Recommendation

Based on the foregoing, the Court recommends that Plaintiff United States of America's Second Amended Motion for Entry of Final Default Judgment [DE 18] be **GRANTED**. The Court recommends that default judgment be entered in favor of Plaintiff United States of America and against Defendant Bosch Marine Yacht Services, LLC d/b/a Bosch Marine Services in the amount of $27,802.88, plus additional interest at the rate of $0.43 per day from the date of this Report and Recommendation to the date of entry of default judgment, plus additional penalty interest at the rate of $2.59 per day from the date of this Report and Recommendation to the date of entry of default judgment, plus post-judgment interest under 28 U.S.C. § 1961.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 24th day of July, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE